UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO.  98-146

MARK AMOS                                   SECTION "R" (2)

<u>**ORDER AND REASONS**</u>

Petitioner Mark Amos moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  Amos has separately moved for a waiver of the unpaid balance of his fine.

**I.   PETITION FOR RELIEF UNDER SECTION 2255**

Amos' conviction was affirmed by the United States Court of Appeals for the Fifth Circuit on December 19, 2000.  Amos did not petition for a writ of certiorari, and the conviction thus became final on March 19, 2001.  Amos mailed the instant motion to the Court on December 7, 2005, more than 56 months after his conviction became final.  Section 2255 provides as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion
created by governmental action in violation of the
Constitution or laws of the United States is removed,
if the movant was prevented from making a motion by
such governmental action;
(3) the date on which the right asserted was initially
recognized by the Supreme Court, if that right has been
newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review;
or
(4) the date on which the facts supporting the claim or
claims presented could have been discovered through the
exercise of due diligence.

28 U.S.C. § 2255.  Amos' petition was filed more than one year

after his conviction became final, so it is untimely and must be

denied, unless another provision of section 2255 applies.

The petitioner asserts that his motion is timely because the

holding in *United States v. Booker*, 543 U.S. 220 (2005), should

be applied retroactively to his conviction and sentence because

it set forth a newly recognized right that would start the

one-year statute of limitations anew, presumably on January 12,

2005, the date *Booker* was decided.  Section 2255 provides that an

extension of the statute of limitations will be granted when

constitutional rights are made "retroactively applicable to cases

on collateral review."  *See* 28 U.S.C. § 2255.  "Generally

speaking, federal habeas corpus petitioners may not rely on new

rules of criminal procedure decided after their convictions have

become final on direct appeal."  *United States v. Gentry*, 432

F.3d 600, 602 (5th Cir. 2005) (*citing Schriro v. Summerlin*, 542

2

U.S. 348 (2004)).  However, a new constitutional rule of criminal procedure may apply retroactively if it passes the analysis established by *Teague v. Lane*, 489 U.S. 288, 290 (1989), which established two exceptions to non-retroactivity.  *Gentry*, 432 F.3d at 602.  The Fifth Circuit has concluded that *Booker* announces a new rule of procedure that does not fit into either of the two exceptions to non-retroactivity provided in *Teague*. *Id.* at 604-05.  Because *Booker* does not apply retroactively to Amos's motion for relief under § 2255, this motion is untimely and must be DENIED.

## II.  MOTION FOR WAIVER OF UNPAID FINE

Amos' motion asking for reduction of his fine, to the extent it challenges the fine amount as being in error, should have been raised on direct appeal and not for the first time in a post-conviction motion.  *United States v. Segler*, 37 F.3d 1131, 1135 (5th Cir. 1994).  To the extent that Amos asks the Court to waive the fine due to changed circumstances and reduced ability to pay, the Court declines to do so while Amos remains incarcerated.  If, upon release, he is unable to make the proper payments, he may file a request to change the payment schedule with the United States Probation officer assigned to his case.  The Court thus declines to waive the remainder of his fine.  The motion is

DENIED.

New Orleans, Louisiana, this <u>11th</u> day of July, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE