UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 98-146

MARK E. AMOS                                SECTION: R

**ORDER AND REASONS**

Before the Court is defendant's motion to alter or amend the judgment revoking his supervised release and imposing a sentence of imprisonment.[1] For the following reasons, defendant's motion is denied.

**I. BACKGROUND**

On December 3, 2010 this Court entered a judgment revoking Mark Amos's term of supervised release and imposing a sentence of eight months imprisonment to run consecutively to his conviction in the Southern District of Mississippi.[2] On November 5, 2012, Amos filed the instant motion for reconsideration of this sentence on the grounds that he had "assisted the Government in several cases that resulted in two separate convictions," was given "promises of being compensated," but that the Government has not filed a motion requesting his sentence reduced pursuant

---

[1]   R. Doc. 171.

[2]   R. Doc. 170.

to Rule 35.[3]

## II. DISCUSSION

Pursuant to 18 U.S.C. § 3582(b) and (c) this court may modify a term of imprisonment if permitted by Rule 35 of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582(c)(1)(B). In relevant part, Rule 35 provides that "upon the government's motion made more than one year after sentencing, the court may reduce a sentence." Fed. R. Crim. P. 35(b)(2). Because the Government has not filed a Rule 35 motion, there are no grounds for this Court to modify Amos's sentence. Accordingly, to the extent Amos requests a modification, his motion is denied.

Further, to the extent that Amos challenges the Government's decision not to file a Rule 35(b) motion, "such refusal is not reviewable unless it is based on an 'unconstitutional motive.'" *United States v. Woods*, 464 Fed. App'x 416, 416-17 (5th Cir. 2012) (per curium) (citations omitted). Specifically, the defendant must make "a substantial threshold showing that the government's refusal is based on unconstitutional motives." *United States v. Sneed*, 63 F.3d 381, 389 n.6 (5th Cir. 1995). This means defendant must show the Government declined to file the Rule 35 motion based on "race, religion, or other arbitrary classification, including the exercise of protected statutory and

---

[3] R. Doc. 171.

2

constitutional rights. *Woods*, 464 Fed. App'x at 416 (citations omitted).

Assuming *arguendo* that a promise was made, Amos has not made this requisite showing as he has not asserted that the Government was motivated by a discriminatory reason. Accordingly, to the extent that Amos is challenging the Government's decision not to file a Rule 35 motion, it is an "unauthorized motion which the district court [is] without jurisdiction to entertain." *United States v. Martinez*, 445 Fed. App'x 742, 743 (5th Cir. 2011) (per curium).

Accordingly, Amos's motion is denied.

## III. CONCLUSION

For the foregoing reasons, defendant's motion is DENIED.

New Orleans, Louisiana, this 15th day of January, 2013.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE